LAW OFFICES

WILLIAMS & CONNOLLY LLP®

ENU MAINIGI
(202) 434-5000
emainigi@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 12, 2024

<u>Via ECF</u>

Maria R. Hamilton
Clerk of Court, United States Court of Appeals
for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

    Re:    **<u>Defendants CaremarkPCS Health, L.L.C. and Caremark Puerto Rico, L.L.C.'s Response to Government's Rule 28(j) Letter,</u>** ***<u>Government of Puerto Rico v. CaremarkPCS Health, L.L.C.</u>*****<u>, No. 23-1613</u>**

Dear Ms. Hamilton:

    Pursuant to Federal Rule of Appellate Procedure 28(j), CaremarkPCS Health, L.L.C. and Caremark Puerto Rico, L.L.C. (collectively, "Caremark") respectfully submit this response to the Government of Puerto Rico's January 9, 2024 letter regarding the January 2, 2024, order in *State of Ohio v. Ascent Health Services LLC*, No. 23-cv-1450 (S.D. Ohio) ("Order").

    *Ascent Health* relies on, and repeats the mistakes of, the decision below in this case. *See* Order at 6. There, as here, it was undisputed that the federal courts would have jurisdiction, but for a disclaimer of claims related to the defendants' federal activities. *See id.* at 4-5. The *Ascent Health* court acknowledged the defendants' position that the plaintiff's disclaimer was ineffective because "the Complaint challenge[d] conduct indivisible from conduct related to TRICARE or FEHB." *Id.* at 6. But the court—without explanation and relying primarily on the decision below—rejected that

WILLIAMS & CONNOLLY LLP

January 12, 2024
Page 2

argument because it was "not persuaded that dividing the work done by Defendants on behalf of the federal government from the work done for its private clients is not possible in this case." *Id.* (block-quoting *Gov't of Puerto Rico v. Eli Lilly & Co.*, 2023 WL 4830569, at *2 (D.P.R. July 13, 2023)).

That is the same analytical error the district court made below. Rather than accepting the defendants' well-pleaded factual assertion that federal and non-federal conduct cannot be separated, the court resolved that disputed factual issue in the State's favor. *See Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Because a court assessing removal must "credit the defendants' theory of the case when evaluating the relationship between the defendants' actions and the federal officer," and the *Ascent Health* court failed to do so, the Order is unpersuasive. *Agyin v. Razmzan*, 986 F.3d 168, 175 (2d Cir. 2021) (cleaned up).

Respectfully submitted,

*s/ Enu Mainigi*
Enu Mainigi

Cc: Counsel of Record (via CM/ECF)