

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

401 9th St. NW, Suite 630
Washington, DC 20004
**o.** 202.232.5504   **f.** 202.232.5513

**Louis M. Bograd**
*Licensed in DC, KY*
direct: 202.386.9623
lbograd@motleyrice.com

July 19, 2024

<u>Via ECF</u>

Maria R. Hamilton
Clerk of Court, U.S. Court of Appeals
For the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

    Re:    **Plaintiff-Appellee the Government of Puerto Rico's Submission Of Supplemental Authority Pursuant to Fed. R. App. P. 28(j),** *Government of Puerto Rico v. Express Scripts, Inc.,* **No. 23-1612;** *Government of Puerto Rico v. CaremarkPCS Health, LLC, Caremark Puerto Rico LLC,* **No. 23-1613**

Dear Ms. Hamilton:

    In anticipation of next week's oral argument, the Government of Puerto Rico writes to inform this Court of five recent federal district court rulings that support affirmance of the order below granting remand to the Superior Court of San Juan, Puerto Rico.

    In *California by and through Harrison v. Express Scripts, Inc.,* 2024 WL 841197 (C.D. Cal. Feb. 28, 2024); *Westchester County v. Mylan Pharmaceuticals, Inc., et al.,* 2024 WL 3043121 (S.D.N.Y. June 18, 2024); and *Nassau County, NY v. Mylan Pharmaceuticals, Inc., et al.,* 2024 WL 3298500 (E.D.N.Y. July 4, 2024), district courts in California and New York granted remand of governmental lawsuits against pharmacy benefit manager (PBM) defendants that the PBMs had removed to federal court, invoking federal officer removal jurisdiction under 28 U.S.C. §1442(a)(1). In each case, the governmental plaintiff had expressly disclaimed any claim based on the PBMs' work in connection with federal government health care programs; these courts all found those disclaimers effective to defeat any basis for



federal jurisdiction under §1442(a)(1). *See* 2024 WL 841197, *5; 2024 WL 3043121, **6-9; 2024 WL 3298500, *6. They thus join the district courts in *California v. Eli Lilly & Co.,* 2023 WL 4269750 (C.D. Cal. June 28, 2023); *Ohio ex rel. Yost v. Ascent Health Services LLC,* 2024 WL 23187 (S.D. Ohio Jan. 2, 2024); and the court below in rejecting the PBMs' assertion of federal officer jurisdiction.

Separately, two additional district court opinions have adopted the analogous reasoning of district courts in this Circuit in *New Hampshire v. 3M Co.* and *Maine v. 3M Co.* in granting remand of governmental claims against 3M for PFAS contamination, because the plaintiffs had expressly disclaimed seeking liability for contamination caused by a related compound, AFFF, allegedly produced under federal authority. *See Maryland v. 3M Co.,* 2024 WL 1152568, *3 (D.Md. Feb. 12, 2024); *South Carolina v. 3M Co.,* 2024 WL 1470056, **2-3 (D.S.C. Feb. 29, 2024). Puerto Rico had relied on the *New Hampshire* and *Maine* rulings in its brief. Response Brief at 20.

Each of these cases provides further support for Plaintiff-Appellee's arguments for affirmance.

Respectfully submitted,

/s/ *Louis M. Bograd*_____
Louis M. Bograd

Cc: Counsel of Record (via CM/ECF)

Word Count: 347