LAW OFFICES

# WILLIAMS & CONNOLLY LLP®

ENU MAINIGI
(202) 434-5000
emainigi@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 22, 2024

<u>Via ECF</u>

Maria R. Hamilton
Clerk of Court, United States Court of Appeals
for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  Re: <u>**Defendants CaremarkPCS Health, L.L.C. and Caremark Puerto Rico, L.L.C.'s Response to Puerto Rico's Rule 28(j) Letter,** *Government of Puerto Rico v. CaremarkPCS Health, L.L.C.*, **No. 23-1613,** *Government of Puerto Rico v. Express Scripts, Inc.*, **No. 23-1612**</u>

Dear Ms. Hamilton:

  Caremark submits this response to Puerto Rico's July 19, 2024 letter identifying five out-of-circuit district-court cases. Each is pending on appeal, and none supports Puerto Rico's argument here.

  Puerto Rico cites three cases involving PBMs, but those cases provided no independent reasoning and made the same analytical errors as the decision below. *California ex rel. Harrison v. Express Scripts, Inc.*, 2024 WL 841197, at *5 (C.D. Cal. Feb. 28, 2024); *Westchester County v. Mylan Pharms.*, 2024 WL 3043121, at *8-9 (S.D.N.Y. June 18, 2024); *Nassau County v. Mylan Pharms.*, 2024 WL 3298500, at *6 & n.6 (E.D.N.Y. July 4, 2024). Indeed, they relied principally on the decision below, and the erroneous decision from the Central District of California which the decision below relied on extensively.

WILLIAMS & CONNOLLY LLP®

July 22, 2024
Page 2

Puerto Rico's cases also are inapposite. In each, the disclaimers purported to exclude federal **conduct**—for example, conduct "related to prescriptions adjudicated or processed under any federal program." *Nassau*, 2024 WL 3298500, at*5; *Westchester*, 2024 WL 3043121, at *3-4. Here, by contrast, Puerto Rico disclaims only "***relief*** relating to any federal program . . . or any contract related to a federal program." JA 41. Puerto Rico continues to challenge what it calls a "larger unfair and deceptive scheme"—namely, Caremark's rebate-negotiation practices. Caremark conducts those challenged negotiations simultaneously for FEHBA and non-FEHBA plans. Puerto Rico's disclaimer, therefore, fails to exclude all conduct under a federal officer. The disclaimer is both ineffective and distinguishable.

Puerto Rico's cases involving environmental contamination are inapposite. Those cases involved harms allegedly caused by contamination from multiple sources, including military-spec "AFFF." *Maryland v. 3M*, 2024 WL 1152568, *3 (D. Md. Feb. 12, 2024); *South Carolina v. 3M*, 2024 WL 1470056, *2-3 (D.S.C. Feb. 29, 2024). The plaintiffs in those cases were able to identify and waive a discrete category of federal conduct—AFFF production—which was readily distinguishable from the production of non-federal products. *See Maryland*, 2024 WL 1152568, at *1. In contrast, Puerto Rico challenges singular, indivisible negotiations to obtain rebates, including for FEHBA plans. Caremark Opening Br. 25-31; Caremark Reply 8-17.

Respectfully submitted,

*s/ Enu Mainigi*
Enu Mainigi

cc: Counsel of Record (via CM/ECF)                    Word Count: 343