# Morgan Lewis

**Jason R. Scherr**
Partner
+1.202.373.6709
jr.scherr@morganlewis.com

July 29, 2024

**VIA ECF**

Maria R. Hamilton
Clerk of Court, United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   Appellant-Defendant Express Scripts, Inc.'s Response to Puerto Rico's Rule 28(j) Letter in *Government of Puerto Rico v. Express Scripts, Inc.*, No. 23-1612

Dear Ms. Hamilton:

Express Scripts, Inc. responds to Puerto Rico's July 19, 2024 letter identifying district court cases granting motions to remand in other contexts.  None of these cases undermines the propriety of Express Scripts' removal under 28 U.S.C. § 1442(a).

*Maryland v. 3M Co.*, 2024 WL 1152568, *3 (D.Md. Feb. 12, 2024) and *South Carolina v. 3M Co.*, 2024 WL 1470056 (D.S.C. Feb. 29, 2024) are inapposite environmental cases involving PFAS contamination.  The district courts granted remand after finding effective disclaimers of liability involving a particular product 3M produced for the military.  But these disclaimers, like specific geographic disclaimers in asbestos cases, removed from the litigation the entirety of particular definable conduct.  *See* ESI Br. 15–18; ESI Reply 12–14.

Not so for Puerto Rico's claims.  Puerto Rico alleges Express Scripts "engaged in a scheme to inflate the WAC [the Wholesale Acquisition Price] price for insulin products," JA72 (¶ 135), and "distort the market," JA 73 (¶ 141). It seeks injunctive relief, damages, and civil penalties based on that alleged manipulation, JA 42 (¶21); JA 75–76 (prayer for relief). But Express Scripts must utilize the WAC to apply the federal benchmark when it discharges its TRICARE responsibilities. *See* JA 42 (¶ 20); 42 U.S.C. § 1395w-3a(c)(6); *see also* ECF No., 1-2 (TRICARE contract attached to Notice of Removal) at § G.11.1.4.1 (p. 138); § H.1 (p. 146). Given this legal theory, Puerto Rico's disclaimer of "relief relating to any federal program" begs the question of what "relates to" a federal program.

*Nassau County v. Mylan Pharms.*, 2024 WL 3298500 (E.D.N.Y. July 4, 2024); *Westchester County v. Mylan Pharms.*, 2024 WL 3043121 (S.D.N.Y. June 18, 2024); *California ex rel. Harrison v. Express Scripts, Inc.*, 2024 WL 841197 (C.D. Cal. Feb. 28, 2024) also are not applicable here.  In those cases, government plaintiffs alleged a public nuisance from distribution of opioids.  All three remand orders have been appealed. Regardless, none of these opioid cases involves allegations

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004         **T** +1.202.739.3000
United States                 **F** +1.202.739.3001

**VIA ECF**

<u>Government of Puerto Rico v. Express Scripts, Inc.</u>, No. 23-1612
July 29, 2024
Page 2

like Puerto Rico's seeking liability based on a federal benchmark that Express Scripts must apply under its TRICARE contract.

Respectfully submitted,                                Word count: 342

*/s/ Jason R. Scherr*

Jason R. Scherr


c:  Counsel of Record (via CM/ECF)